UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                            :
THE MASON TENDERS DISTRICT COUNCIL                          :
OF GREATER NEW YORK AND LONG ISLAND,                        :          13 Civ. 5581 (PAE)
*on behalf of General Building Laborers Local 66,*          :
                                                            :          OPINION & ORDER
                                      Plaintiff,            :
                                                            :
                          -v-                               :
                                                            :
EVEREST CONTRACTING CORP.,                                  :
                                                            :
                                      Defendant.            :
                                                            :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        On November 1, 2013, plaintiff Mason Tenders District Council of Greater New York

and Long Island moved for summary judgment against defendant Everest Contracting

Corporation ("Everest Contracting"), seeking confirmation of the August 10, 2012 default award

of arbitrator Robert Herzog.  Dkt. 4–5.

        On November 4, 2013, the Court directed defendant to file its opposition by November

25, 2013.  Dkt. 11.  Defendant has not filed an opposition.  For the following reasons, plaintiff's

motion for summary judgment is granted.

I.      **Background**[1]

        On July 1, 2008, Everest Contracting, a construction contracting company, executed a

Trade Agreement with Mason Tenders District Council of Greater New York and Long Island

and its constituent union, Local 66 (collectively, "Mason Tenders" or "Union").  *See* Savci Decl.

Ex. 1 ("Agreement").  The Agreement automatically renews "from year to year thereafter unless

---

[1] The facts are drawn from the Declaration of Haluk Savci, Esq. ("Savci Decl.") (Dkt. 6).

either party hereto shall give written notice to the other of its desire to modify, amend, or terminate this Agreement."  Agreement, Article XI, § 1.  Neither party elected to terminate the Agreement, which therefore remains in effect.  Savci Decl. ¶ 7.

Under the Agreement, if Everest Contracting performs any work covered by the Agreement, it must do so under the terms and conditions of employment specified in the Agreement.  Savci Decl. ¶ 10 (citing Agreement, Art. IV).  The Agreement requires that Everest Contracting notify the Union if it performs any covered work, so that Union laborers may be assigned to such work.  *See* Agreement, Art. III, § 6.  The Agreement provides that, absent such notice, Everest Contracting is liable for wages and benefit contributions that would otherwise have been paid to Union workers who were not hired due to this failure to notice the job.  *See id.* § 6(e); *see generally* Savci Decl. ¶ 10.

The Agreement also allows Mason Tenders to submit disputes to arbitration by written notice to Everest Contracting.  *See* Agreement, Art. IX.  Robert Herzog and Joseph Harris are both listed as eligible arbitrators.  *Id.*  The decision of an arbitrator "shall be binding upon the parties and shall be complied with by the Employer within five days of the issuance of the award."  *Id.*

On March 22, 2012, Mason Tenders sent a Notice of Arbitration to Everest Contracting, copying arbitrator Robert Herzog.  Savci Decl. Ex. 5.  The Notice demanded arbitration against Everest Contracting as to the following claim:

> Whether beginning on or about October 4, 2011 and continuing thereafter, Everest Contracting Corp. failed to apply the terms of the Collective Bargaining Agreement, including but not limited to, by failing to employ Local 66 laborers at the jobsite located at Auto Zone on Sunrise Highway in Copiague?  If so, what should be the remedy?

*Id.* On May 3, 2012, arbitrator Herzog sent the parties a notice of a hearing on this matter, to be held on June 6, 2012 at 11 a.m., at the Mason Tenders District Council office.  Savci Decl. Ex. 6. Everest Contracting did not appear at the hearing.  Savci Decl. ¶ 15.  The Union did appear and presented evidence in support of its claim, including live testimony from Local 66's business agent, Robert English.  *Id*.

On August 10, 2012, arbitrator Herzog sustained Mason Tenders' grievance and issued a default award.  Savci Decl. Ex. 4 ("Award").  The arbitrator found, based "upon the substantial evidence of the case as a whole," that Everest Contracting had "violated [] the CBA by failing to employ Local 66 laborers at the Auto Zone jobsite in Copiague, New York during October 2011."  *Id.* at 11.  The arbitrator ordered Everest Contracting to pay 11 named individuals $1,308.73 in wages each (for a total of $14,396.03), and to pay "$9,605.20 in benefit contributions to the Mason Tenders District Council Benefit Funds" on behalf of the same 11 individuals.  *Id.* at 11–12.  The Award totaled $24,001.23.

To date, Everest Contracting has not paid the Award.  Savci Decl. ¶ 17.  As a result, on August 9, 2013, Mason Tenders brought this complaint, seeking confirmation of the Award. Dkt. 1.  On November 1, 2013, Mason Tenders moved for summary judgment.  Dkt. 4.  That motion remains unopposed.

## II.    Discussion

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."  *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the

award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  But "[a]rbitration awards are not self-enforcing."  *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St.*, 552 U.S. 576.  Rather, "they must be given force and effect by being converted to judicial orders by courts."  *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation."  *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).  "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review."  *NYKcool A.B. v. Pac. Fruit Inc.*, No. 10 Civ. 3867 (LAK) (AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting recent Second Circuit cases).  Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached."  *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the burden of demonstrating the absence of a question of material fact.  In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).  To survive a

summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . ."). Similarly, on an unopposed motion for confirmation of an arbitration award,

> a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*."

*D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244) (emphasis in *Vt. Teddy Bear*).

Based on its review, the Court has identified only one material issue of fact that could plausibly be contested: whether the Agreement was binding on Everest Contracting after June

30, 2011.  The original term of the Agreement was from July 1, 2008 to June 30, 2011.  *See*

Agreement at 1.  Under Article XI, however, the Agreement:

> [S]hall renew from year to year thereafter unless either party hereto shall give written notice to the other of its desire to modify, amend, or terminate this Agreement on its anniversary date.  Such notice must be given in writing by certified mail, postage prepaid, sixty days, but not more than ninety days, before the anniversary date of this Agreement.

Agreement, Art. XI.  Mason Tenders represents that "[n]either party elected to terminate the

agreement which remains in effect."  Savci Decl. ¶ 7.  As the Award reflects, however, Everest

Contracting stated in an October 5, 2011 "Grievance Answer" that it had been "tricked" in June

2011 into signing the Agreement, in that the automatic renewal language in that Agreement was

"hidden."  Award at 6.  In its Award, the arbitrator analyzed this claim by Everest Contracting,

and rejected it.  He determined that because Article XI is an integral part of the Agreement, and

because Everest Contracting had made no effort to seek its modification, it was "charged with

having read and understood the document he was signing."  *Id*.

The arbitrator's determination is reasonable, and Everest Contracting's suggestion that

the renewal text was somehow "hidden" within the Agreement is simply wrong.  Even resolving

all ambiguities and drawing all permissible factual inferences in favor of Everest Contracting, it

is undisputed that Everest Contracting entered into the Agreement, and that under its clear terms,

the Agreement was automatically renewed pursuant to Article XI.  The Agreement was therefore

operative and binding in October 2011, when Everest Contracting took on the project at the

Sunrise Highway Auto Zone on which Mason Tenders contends it was obliged to use union

labor.

The Court has reviewed in detail the parties' Agreement, including the arbitration clause,

and the Award.  On that record, and based on the very limited review that is appropriate on this

motion for summary judgment to confirm an arbitration Award, the Court concludes that Mason Tenders has shown there is no material issue of fact for trial. Based on the "substantial and credible" evidence cogently recited by the arbitrator, there is at least, and indeed much more than, a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award.

## CONCLUSION

The Court enters judgment in the amount of $14,396.03 in wages and $9,605.20 in benefits to be paid to and on behalf of the members of Local 66 identified on pages 11 through 12 of the Arbitration Award. *See* Award. The Clerk of Court is directed to terminate the motion pending at docket number 4 and to close this case.


SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: December 9, 2013
       New York, New York